United States District Court
for the
District of Vermont

Zachary Guiles, )
by his father and next friend )
Timothy Guiles, )
 )
              Plaintiffs, )
 )
vs. ) Civil Action No. 2:04-cv-132
 )
Seth Marineau, )
Kathleen Morris-Kortz, )
Douglas Shoik, and )
Rodney Graham, )
 )
              Defendants. )

## Complaint

I. Introduction:

1. This is a civil rights action brought by Timothy Guiles on behalf of his son Zachary Guiles, a seventh-grader at the Williamstown, Vermont Middle High School, for violation of his civil rights by various school officials. The defendants violated Zachary's First and Fourteenth Amendment rights by suspending him from school for wearing a t-shirt that criticizes President George W. Bush. The defendants also promulgated and/or relied upon an unconstitutionally vague and overbroad disciplinary rule which they used to justify their suspension of Zachary from school. This litigation seeks appropriate declaratory and injunctive relief that will enable Zachary Guiles and other students who oppose the policies of President George W. Bush to wear t-shirts expressing their political viewpoint without being subjected to suspension or other discipline. The plaintiffs also seek a declaration that the school disciplinary policy is void.

Barr Sternberg Moss
Lawrence Silver
Saltonstall & Scanlon, P.C.
ATTORNEYS AT LAW

507 Main Street
Bennington, VT 05201

II. <u>Parties</u>:

2. Plaintiff Zachary Guiles and his father and next friend Timothy Guiles are residents of Williamstown, Vermont. Zachary is a seventh grade student at the local public school there, the Williamstown Middle High School (hereinafter "WMHS").

3. Defendant Seth Marineau is the Student Support Specialist at WMHS. In that position, he has the authority to enforce school policies and discipline students. He is sued in his official capacity.

4. Defendant Kathleen Morris-Kortz is the Principal of WMHS. In that position, she has authority to promulgate and enforce school policies and discipline students, and she has supervisory authority over defendant Marineau. She is sued in her official capacity.

5. Defendant Douglas Shoik is the Superintendent of the Orange North Supervisory Union, which includes WMHS. In that position, he has the authority to promulgate and enforce school policies, and he has supervisory authority over defendants Morris-Kortz and Marineau. He is sued in his official capacity.

6. Defendant Rodney Graham is the chairperson of the Town of Williamstown, Vermont School Board, which has the authority to promulgate and enforce school policies, and has supervisory authority over the other defendants. He is sued in his official capacity.

III. <u>Jurisdiction</u>:

7. This action is brought under the civil rights act of 1871, 42 U.S.C. § 1983, which provides redress to persons who are deprived of their civil rights under color of law, and 28 U.S.C. § 1343(3) and § 1331, which confer jurisdiction over federal civil rights actions and civil actions arising under the Constitution and laws of the United States respectively.

Barr Sternberg Moss
Lawrence Silver
Saltonstall & Scanlon, P.C.
ATTORNEYS AT LAW

507 Main Street
Bennington, VT 05201

IV. Facts:

8. During sometime in March 2004, Plaintiff Zachary Guiles began wearing a t-shirt to school that is critical and satirical of President George W. Bush, his policies, and his character. The t-shirt refers to President Bush as the "Chicken-Hawk-in-Chief" who is engaged in a "World Domination Tour" in connection with his Iraq war policy. The t-shirt accuses President Bush of being a "crook" because of alleged ties to corporations engaged in wrongdoing, and as having a record as an "AWOL draft dodger," a "lying drunk driver," and an abuser of marijuana and cocaine.

9. Zachary obtained the t-shirt from a representative of the Vermont Green Party after making a five dollar donation to that political organization.

10. Zachary wore this t-shirt approximately once per week for two months without being disciplined or questioned by the school administration. Several students complained about the t-shirt to several classroom teachers, but those teachers told the complaining students and Zachary that in their opinion the t-shirt was a form of constitutionally protected political speech.

11. On or about May 12, 2004, Zachary wore the t-shirt to school. On that day, Zachary was scheduled to go on a field trip with the rest of his class. A parent, who had come to the school to help transport the students on the field trip, saw Zachary and complained to defendant Marineau about the political content of the t-shirt.

12. Defendant Marineau then instructed Zachary that he had three choices: to either turn the shirt inside-out, tape over references on the t-shirt to alleged alcohol and illegal drug abuse by President Bush, or go home. After conferring by telephone with his father, Zachary decided to go home rather than give up his right to free speech.

Barr Sternberg Moss
Lawrence Silver
Saltonstall & Scanlon, P.C.
ATTORNEYS AT LAW

507 Main Street
Bennington, VT 05201

13. On or about May 13, 2004, Zachary again wore the t-shirt to school. Defendant Marineau confronted him, and again directed him to either turn the t-shirt inside-out or tape over the drug and alcohol abuse references. Zachary refused, and as a result, Marineau suspended him from school for one day.

14. Plaintiffs have since requested defendants Morris-Kortz, Shoik, and Graham to permit him to wear the t-shirt in school without taping over any portion of the political message thereon, and to change the school dress policy so as to allow him to wear the t-shirt without breaking school rules, but the defendants have refused and neglected to do so. Zachary will be subject to discipline, including suspension and/or expulsion, if he wears the t-shirt to school in the future.

16. Defendants rely on their Appearance and Dress Policy, as contained in the 2003-2004 Williamstown High School Student/Parent Handbook, in refusing to permit Zachary to wear the t-shirt to school. That policy reads, in relevant part:

> "We recognize that personal expression through dress is an important aspect of our culture for developing a sense of individualism, and this should be allowed to develop within our system. However, we must remember we are a part of an academic community and our guidelines must reflect a sense of responsibility and integrity.
>
> "Therefore we need to separate personal expression from offensiveness by the following guidelines:
>
> "• Any aspect of a person's appearance, which constitutes a real hazard to the health and safety of self and others or is otherwise distracting, is unacceptable as an expression of personal taste. Example [Clothing displaying alcohol, drugs violence, obscenity and racism is outside our responsibility and integrity guidelines as a school and is prohibited.]" (Brackets in original.)

17. The Appearance and Dress policy is unconstitutionally overbroad in that it sweeps within the terms of its prohibition a very substantial amount of protected political speech, including Zachary's t-shirt criticizing and satirizing President Bush.

Barr Sternberg Moss
Lawrence Silver
Saltonstall & Scanlon, P.C.
ATTORNEYS AT LAW

507 Main Street
Bennington, VT 05201

-4-

18. The Appearance and Dress policy is unconstitutionally vague in that it is laden with terms whose meaning is unclear.

19. Defendants' actions in disciplining Zachary for wearing his anti-Bush t-shirt are based in part on the content of its message. Defendants have permitted students to wear t-shirts expressing viewpoints opposed to Zachary's, including, by way of example, "These Colors Don't Run," "Go Army," "USA #1," and t-shirts promoting the National Guard. No students wearing such t-shirts have been disciplined for doing so.

20. Zachary's t-shirt does not interfere with the requirements of appropriate discipline at the school. Nor has it disrupted the work of the school or interfered with the rights of others.

21. Following the banning of the t-shirt and suspension of Zachary from school for wearing it, some students have engaged in verbal and physical harassment of Zachary. These students have interpreted the actions of school administrators in disciplining Zachary merely for exercising his right to free speech as a green light and a license to harass and intimidate him. Hence by banning the anti-Bush t-shirt and violating Zachary's right to free speech, school administrators have themselves interfered with appropriate discipline and disrupted the legitimate work of the school.

### Count One: Violation of Civil Rights

22. Paragraphs 1-21 are realleged.

23. The defendants, by their actions and omissions as set forth herein, have violated Zachary Guiles' right to freedom of speech, as protected by the First and Fourteenth Amendments to the Constitution of the United States. The plaintiffs are entitled to relief for violation of those rights under 42 U.S.C. § 1983.

Barr Sternberg Moss
Lawrence Silver
Saltonstall & Scanlon, P.C.
ATTORNEYS AT LAW

507 Main Street
Bennington, VT 05201

24. The actions and omissions of the defendant have caused the plaintiffs irreparable harm. The plaintiffs are likely to prevail on the merits of this litigation.

WHEREFORE, the plaintiffs pray this Court:

1. To issue appropriate temporary and permanent injunctive relief barring the defendants from further disciplining Zachary Guiles for wearing the t-shirt described in this complaint, and directing them to expunge Zachary's disciplinary record in connection therewith;

2. To issue an order declaring that the school Appearance and Dress policy is unconstitutional and void;

3. To award the plaintiffs their reasonable attorney's fees under 42 U.S.C. § 1988; and

4. To grant the plaintiffs such further relief as this Court may deem just and equitable.

Dated at Bennington and St. Johnsbury, Vermont this 27 day of May, 2004.

By: _____
Stephen L. Saltonstall, Esq.
Barr Sternberg Moss Lawrence
Silver Saltonstall & Scanlon, P.C.
507 Main Street
Bennington, Vermont 05201
(802) 442-6341

By: _____
David J. Williams, Esq.
Sleigh & Williams
364 Railroad St., Ste. E
St. Johnsbury, VT 05819-1688
(802) 748-5176

Attorneys for the Plaintiffs
and Cooperating Attorneys,
American Civil Liberties Foundation
of Vermont, Inc.

Barr Sternberg Moss
Lawrence Silver
Saltonstall & Scanlon, P.C.
ATTORNEYS AT LAW

507 Main Street
Bennington, VT 05201